*MARCUS B. LAWRENCE*
NAME

*91-0029*
CRIMINAL CASE NUMBER

*16144·016*
PRISON NUMBER

*F C I PETERSBURG*
PLACE OF CONFINEMENT
*P.O.B. 90043*
*PETERSBURG, VA,*
*23804*

**FILED**

AUG - 2 2006

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*MARCUS B. LAWRENCE* )
(Full Name) )
    Petitioner )
         )
         )
   v.     )
         )
*VANESSA P. ADAMS* )
(Name of Warden, Superintendent, )
Jailor, or authorized person having )
custody of petitioner) )
    Respondent )

CASE NUMBER  1:06CV01387

JUDGE: Rosemary M. Collyer

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 08/~~2~~/2006

(If petitioner has a sentence to be served in the future under a Federal judgment which he wishes to attack, he should file a motion in the Federal Court which entered the judgment)

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY
IN THE DISTRICT OF COLUMBIA

INSTRUCTIONS--PLEASE READ CAREFULLY

(1) This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which

*1*

event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. <u>However, if your prison account exceeds $100.00 you will not be considered as eligible to proceed in forma pauperis and must pay the $5.00 filing fee.</u>

Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts you must file separate petitions as to each court.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

When the petition is fully completed, it must be mailed to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

<u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

PETITION

(1)    Name and location of court which entered the judgment of conviction under attack *United States District court for the District of columbia, 333 Constitution Avenue, N.W., washington D.C. 20001*

(2)    Date of judgment of conviction *Aug 23 . 1991*

(3)    Length of sentence *25 years*

(4)    Nature of offense involved (all counts) *one count of unlawful distribution of cocaine base also known as crack.*

(5)    What was your plea? (Check one)
        (a)    Not guilty ( )
        (b)    Guilty (x)
        (c)    Nolo contendere ( )
If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

(6)    Kind of trial: (Check one)
        (a)    Jury ( )    *none, guilty plea.*
        (b)    Judge only (+)

(7)    Did you testify at the trial?

Yes ( )        No (x)

(8)    Did you appeal from the judgment of conviction?

*No appeal by Attorney.*

Yes (  )     No (x)

(9)    If you did appeal, answer the following:
      (a)    Name of court_____
      (b)    Result_____
      (c)    Date of result_____

(10)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any courts?

Yes (x)     No (  )

(11)   If your answer to 10 was "yes", give the following information:
      (a)    (1)    Name of Court _united states District court for the District of columbia_
            (2)    Nature of the proceedings _2255_____
            (3)    Grounds raised _Conviction_____
                        _____
                        _____
            (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                        Yes (  )     No (x)
            (5)    Result _~~denied~~ denied_____
            (6)    Date of result _on or about 6·17·97_____
      (b)    As to any second petition, application or motion give the same information:
            (1)    Name of court _u.s. District court for the District of columbia_
            (2)    Nature of proceeding _2255_____
            (3)    Grounds raised _Jurisdictional_____
                          _____
                        _____
            (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                        Yes (  )     No (x)
            (5)    Result _dEnied_____
            (6)    Date of result _Aug 17·1999_____
      (c)    As to any third petition, application or motion, give the same information:
            (1)    Name of court _u.s. District court for the District of columbia_
            (2)    Nature of proceeding _dismissed_____
            (3)    Grounds raised _vacate conviction and sentence._____
                        _____
                        _____
                        _____
            (4)    Did you receive an evidentiary hearing on your petition, application or motion?

                        Yes (  )     No (x)

      (5)    Result *dismissed*

      (6)    Date of result *Aug 5 - 2003*

  (d)    Did you appeal to the highest court having jurisdiction the result of action taken on any petition, application or motion?

      (1)    First petition, etc.    Yes (x)    No ( )

      (2)    Second petition, etc.  Yes (x)    No ( )

      (3)    Third petition, etc.    Yes (x)    No ( )

  (e)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and <u>facts</u> supporting same.

    CAUTION:    If you were convicted in a District of Columbia court, you must ordinarily first exhaust your District of Columbia court remedies as to each ground on which you request action by the Federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may also raise any grounds which you may have other than those listed if you have exhausted your District of Columbia court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

  (a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

  (b)    Conviction obtained by use of coerced confession.

  (c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

  (d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

  (e)    Conviction obtained by a violation of the privilege against self-incrimination.

  (f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

  (g)    Conviction obtained by a violation of the protection against double jeopardy.

  (h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

  (I)    Denial of effective assistance of counsel.

  (j)    Denial of right of appeal.

A.    Ground one: *AD PROSEQUENDUM ISSUE*

Supporting FACTS (tell your story briefly without citing cases or law):_____
_____
_____
_____
_____
_____
_____.

B.      Ground two:_____
_____

Supporting FACTS (tell your story briefly without citing cases or law):_____
_____
_____
_____
_____
_____
_____.

C.      Ground three:_____
Supporting FACTS (tell your story briefly without citing cases or law):_____
_____
_____
_____
_____
_____.

D.      Ground four:_____
Supporting FACTS (tell your story briefly without citing cases or law):_____
_____
_____
_____
_____
_____.

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them_____
_____
_____
_____.

14.    Do you have any petition or appeal pending in any court, either, District of Columbia or Federal, as to the judgment under attack?

      Yes ( )      No (✗)

15.    Give the names and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing *James T. Maloney Attorney, last known address 1010 Vermont Avenue, n.w. suite 620*

(b) At arraignment and plea *same Attorney*

(c) At trial *same Attorney*

(d) At sentencing *same Attorney*

(f) In any post-conviction proceeding *none*

(g) On appeal from any adverse ruling in a post-conviction proceeding *none*

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ( )     No (x)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ( )     No (x)

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) And give date and length of sentence to be served in the future: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes (x)     No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

7/ /06
Date

*Marcus B. Lawrence*
Petitioner's Signature

IN THE

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

MARCUS B. LAWRENCE,               )
                    Petitioner,   )
        vs.                       )        CASE NO:_____
VaNessa P. ADAMS,(WARDEN)         )
                    Respondent.   )
_____)

## MEMORANDUM OF SUPPORTING FACTS AND ARGUMENTS

COMES NOW, Petitioner, MARCUS B. LAWRENCE, in the above case by Pro-Se, **Haines v. Kerner**, 404 US 519 (1972), and file this "Motion to Dismiss Information" pursuant to 18 U.S.C. § 3161-(J)(4) and 3162 commonly known as Speedy Trial Act of 1974, And in support thereof the following:

(1) **PETIONER WAS "NEVER" A FUGITIVE**

(2) On 2/5/91, Petitioner eneter a plea of guilty to one count information for alleged violation of unlawful Distribution of 50 grams or more of Cocaine Base, 21 U.S.C. § 841(A)(1) and (B)(1)-(A)(iii).  Charge filed same day of plea.

## SUPPORTIVE FACTS- DOCKET SHEET NO AD PROSEQUENDUM ISSUED

(3) On 2/5/91, A one count information was filed charging Petitioner MARCUS B. LAWRENCE with Unlawful Distribution of 50 grams or

**FILED**

AUG - 2 2006

06 1387   NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

more of Cocaine Base, 21 U.S.C. § 841(A)(1) and (b)(1)(iii), on same date, Petitioner entered a plea of guilty to one count information. See supportive facts, **Transcript of Plea, still no AD PROSEQUENDUM ISSUED.**

(4)  On 12/11/90, Petitioner was initially arrested by D.E.A. later charged on 2/5/91 by member of the United States Attorney Office, **Assistant U.S. Attorney Daniel J. Bernstein**, which resulted into an unauthorized transfer into federal court without an Writ of Habeas Corpus AD PROSEQUENDUM and without the Supervisory Control of the Superior Court for the District of Columbia.

(5)  On 2/5/91, Petitioner was released after posting bond type (third party) in initial appearance before the **HONORABLE JOHN H. PRATT** District Court, without the Warrant or Presidential Warrant (**writ of habeas Corpus Ad Prosequendum**) Authorizing interjurisdictional transfer or pre-trial transfer, for prosecution for trial or guilty plea in a federal court, A violation of 18 U.S.C. §§ 3161(J)(4); Constitution Art.1,§9c and **U.S. v. Mauro**, **436 U.S. 340, 361-62 (1978)** The Requirement for A Writ before A Prisoner May Be Removed or Transferred Is Necessary When The IAD: Does Not Apply, That is, Transfer for Trial or Any Appearance to Another Jurisdiction Where No Detainer has Been Lodged.

(6)  On 2/5/91, Petitioner guilty plea was held before Judge John H. Pratt without a presidential warrant or habeas corpus ad prosequendum, commanding custody of the Petitioner for Prosecution in a Federal court, **U.S. v. Mauro**, 436 US 340 (1978) Guilty plea and all hearings was had without a warrant, **Under Mauro, AD PROSEQUENDUM is Required.**

(7)  Petitioner shows that allowing for excludable time as defined

-2-

by 18 U.S.C. §§ 3161(J)(4), § 3162 since the date petitioner plead guilty and that the time elapsed since guilty plea, STILL NO WRIT OF HABEAS CORPUS AD PROSEQUENDUM or Presidential Warrant Has Been Effected By Prosecution Commanding Production of Custody of Petitioner For Prosecution, For Any Type of Guilty Plea or Trial In A Federal Court On Charges Against The United States.

(8)  U.S. District Court Judge Was Not Appropiate Judicial Officer Where AD PROSEQUENDUM was Lacking within the meaning of 18 U.S.C. § 3161(a),(J)(4) Mauro, 436 US 340 (1978); BARKER, 407 US 517 (1972); KLOPPER, 386 US 213(1967), thus violating petitioner's Fourth, Sixth, and Fourteenth Amendment Right to Speedy Trial State and Federal, SMITH V. HOOEY, 393 US 374 (1969).


## PERJUDICIAL

WHEREFORE, 13 years and a few months delay was denial and prejudice to petitioner under Speedy Trial Act, whereas, prosecution had unfailing opportunities to provide the court with Proper Custody And Jurisdiction, By Proper Procedures Under 18 U.S.C. § 3161(J)(4), § 3162; US V. MAURO, 436 US 340 (1978).

Without the Writ of Habeas Corpus Ad Prosequendum or Presidential Warrant Court Never Had Constitutional Jurisdiction or Proper Author- ization To A Trial, Or Acceptance of Guilty Plea, Both Are Void, Which is prejudicial to Mr. Marcus B. Lawrence's Right to a Lawful, Speedy And Fair Trial Under The Sixth Amendment And Fourteenth Amendments.  Prejudice to Mr. Marcus B. Lawrence's rights to a state or federal trial has been ABRIDGED BY THE DELAY, putting at risk that the long delay has impaired the ability of Mr. Marcus

-3-

B. Lawrence to defend himself, and is markedly increased when Mr. Marcus B. Lawrence is incarcerated in another jurisdiction.

## FULL AND FAIR OPPORTUNITY TO LITIGATE

The Superior Court for Washington, D.C. would doubtless have made petitioner available, had the Superior Court been allow Full and fair Opportunity to Litigate or Adjudicate Pursuant To Probable cause, Arrest, detention, And Pre-Trial Transfer[[Upon The Iussance of The Writ of Habeas Corpus AD PROSEQUENDUM.]] That was not issued by the prosecution. however, The Federal Court or prosecution procedurally Did Not at Any Time sought Custody of Mr. Marcus B. Lawrence for PROSECUTION IN FEDERAL COURT UNDER THE AUTHORITY AND EXIGENCY OF A WRIT OF HABEAS CORPUS AD PROSEQUENDUM, The Proper Procedural under The Supervisory Control of The Superior Court where Probable Cause, arrest, detention originated by the arrest of Mr. Marcus B. Lawrence by the Metropolitan Drug Task Force, arrest took place in The City of Washington, D.C. Whereas, prejudice to the Abridgement of Mr. Marcus B. Lawrence's Fourth, Sixth, and Fourteenth Amendments Right to Challenge, By Trial, Arrest, Detention, Interjurisdictional Transfer under 18 U.S.C. § 3161(a)(j)(4); § 3162 within the Speedy Trial Act and through his state habeas corpus proceedings, without the supervisory control of the state court is Repugnant to all Constitutional amendments and Amendments Fourth, Sixth, and Fourteenth, and Chapter 19 section 16-1901 to 16-1909 of the District of Columbia Habeas Corpus applications and Constitutional Provisions, and with respect to Criminal Law and procedure under District of Columbia Criminal Law, Annotated

-4-

Edition <u>1998-99; section 23-701 to 704 Page 456</u>.  Full and
Fair Opportunity To Raise And Have ADJUDICATED in Superior Court,
To  Contest Arrest, Detention, Interjurisdictional, Transfer, And
ANY AND ALL HEARINGS ARE AND WAS ABRIDGED...

Mr. Marcus B. Lawrence was never a Fugitive:

(1)    He lived openly under his own name.

(2)    He stayed at a permanent address openly.

(3)    District of Columbia and Federal Official knew where Mr.
Marcus B. Lawrence lived through a six month investigation of this
case.

(4)    Petitioner never knew of an information or indictment until
his arrest, still no writ of Habeas Corpus Ad Prosequendum were
issued.

The delay in bringing the case to trial through the [proper form
by the issuance of the writ of Habeas Corpus Ad Prosequendum] Violates
the Speedy Trial Act within 18 U.S.C. § 3161(j)(4), § 3162 thus
violating Mr. Marcus B. Lawrence's Due Process of the 4th, 5th,
6th, and 14th Amendments and D.C. code chapter 19 section 16-1901
to 16-1909 No Writ, No Custody, No Trial, All and Hearing In Federal
Court Void.  Petitioner shows that the failure of the prosecution
to provide the court with the proper Custody or Jurisdiction by
the procedure applied constitute a violation of his constitutional
guarantees and a denial of his rights under the Speedy Trial Act,
Requiring dismissal of all charges.


<u>ORDER</u>


-5-

Please take notice, That upon the grounds above and below, that said information 91-0029 was founded in violations of Speedy Trial Act 18 U.S.C. §§ 3161(a)(j)(4), § 3162 and Constitutional Violations Fourth, Fifth, sixth, and Fourteenth, and D.C. code chapter 19 section 16-1901 to 16-1909 § 9 cl.2 of the U.S. Constitution Wherefore, Petitioner, Marcus B. Lawrence hereby ask that a **ORDER TO DISMISS INFORMATION AND GUILTY PLEA** in the case 91-0029, with prejudice, District of Columbia or Federal habeas corpus proceedings CANNOT BE ABRIDGED or SUSPENDED, NO WRIT of HABEAS CORPUS AD PROSE-QUENDUM or PRESIDENTIAL WARRANT were ISSUED, Commanding Proper Custody of Marcus B. Lawrence for any type of hearing. In a Federal Court as specified and Required by writ, and within 18 U.S.C. § § 3161(a)(j)(4), § 3162 of the Speedy Trial Act. Nor can such, Pre-Trial Transfer be had without the Supervisory Control of The District of Columbia Superior Court and It's Mayor. Arbitrary, denials of Rights created by the Abridgement of Petitioner's Right to a State Trial Pursuant to Probable Cause, of State's in this case, District of Columbia Arrest, Detention Whereby The Record Is Devoid of a Rational Basis Pursuant to Probable Cause, Arrest, Detention, Transfer of Petitioner, His Procedural or Substantive Due Process Rights to Pursue Pre-Trial Transfer, Appeals and Lost were completely Ignored by The District of Columbia and Federal Both Courts Lacking Proper Procedural and since He had No Full and Fair Opportunity To Litigate to The District of Columbia Highest Court. With reason set forth above information should be **ORDER DISMISSED WITH PREJUDICE.**

Marcus B. Lawrence
REG. NO.#16144- 016

-6-

F.C.I. Petersburg
P.O. Box  90043
Petersburg, Virginia
                23804


See Detached Institution Remedy.

## CERTIFICATE OF SERVICE

I, MARCUS B. LAWRENCE, Petitioner, proceeding in Pro-se, certifys under the penalty of perjury, that the said Motion is true and correct to the best of my knowledge and that I also placed into the mailroom here at FCC Petersburg-Medium, P.O. Box 90043, Petersburg, Virginia  23804, same motion on:

DATE: _June 29_____ 2006.


                                MARCUS B. LAWRENCE
                                REG. #16144-016

**REGIONAL ADMINISTRATIVE REMEDY APPEAL**
**Part B - Response**

Date Filed: May 13, 2004                    Remedy ID No.: 332029-R1

You are appealing the Warden's response to your Request for Administrative Remedy. You contend you are being unlawfully incarcerated and request to be released from custody.

A review of records in this matter shows that you were sentenced to a term of 300 months in the United States District Court for the District of Columbia, on August 23, 1991, after being convicted on charges of Unlawful Distribution of 50 Grams or more of Cocaine Base.

As explained by the Warden, the Judgment and Commitment Order in Case Number 91-0029, is valid and lawful. All documents on file reflect your lawful federal custody and incarceration. Further concerns regarding the legality of your custody, indictment and sentence in the above case must be addressed to the sentencing court.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

MAY 2 5 2004
_____
Date

_____, ASDRD
K. M. White
Regional Director
Mid-Atlantic Region

06 1387

**FILED**

AUG - 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

# REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: _Lawrence, Marcus B._ _46144-016_ _1 South_ _103 Petersburg_
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A– INMATE REQUEST _MARCUS B LAWRENCE_ _..._

_... document ... to the Run of the full count ..._

_13, 1843 Cr 3164 and in sanction of the ... A.M.C.T.O:1972_

_... M.SS I ... and I ... and ... ... to ..._

_... Information against Me. Default Judgment by Denying me_

_... Bringing Marcus B Lawrence to Trial U.S. V. ... 1978_

_(Ct, 1978) Where there is_ **NO MANDATORY WRIT OF HABEAS CORPUS**

_... Request ... Commit ... Marcus B Lawrence to_

_... to U.S.D.C.U.I.R Court in the ... Appendix Interstate_

_... on Detainer Violation of ..._

DATE _7·15·04_    _Marcus B Lawrence_
SIGNATURE OF REQUESTER

Part B– RESPONSE




DATE
WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

SECOND COPY: RETURN TO INMATE    CASE NUMBER: _____

CASE NUMBER: _____

Part C– RECEIPT

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:

**Department of Justice**

al Bureau of Prisons

## Regional Administrative Remedy Appeal

or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted
is appeal.

Marcus Lawrence                16144-816

| LAST NAME, FIRST, MIDDLE INITIAL. | REG. NO. | UNIT | INSTITUTION |

**A—REASON FOR APPEAL** I APPEAL WARDEN BROOKS DECISION NOT TO RELEASE ME. I ASK FOR MY RELEASE ... I HAVE NOT BEEN FORMALLY ARRESTED AND TAKEN TO SUPERIOR COURT FOR THE DISTRICT ... FOR TRIAL. I ASK THAT ALL CHARGES MADE IN PRETENSE BE QUASH AND I BE RELEASED ... DETAINED CONTINUED AND RESTRAINED FROM MY LAWFUL LIBERTY WITHIN THE DISTRICT ... UNDER ANY COLOR OF LAW OR PRETENSE WHATEVER, SINCE 1902-SINCE 1904 CHAPTER 19 IN ARKANSAS ... BE FILED FOR MY RELEASE AND LIBERTY [ ] A WRIT OF PRIVILEGE TO SECURE MY RELEASE IN ... IF NEED BE I HAVE TOO. I AM ARRESTED IN A CIVIL SUIT CONTRARY TO PRIVILEGE. I AM ... ALSO WITH A STIMULATED JUDGMENT AND A STIMULATED COMMITMENT, ONE WHICH IS APPARENTLY ... BOUND IN, UPON AN ACTUAL DEBT, AND INTENDED TO BE CARRIED BY THE USUAL PROCESS OF ... WHICH IN REALITY IS ENTERED BY THE FRAUDULENT CONTRIVANCE OF THE PARTIES, FOR THE ... OF GIVING ONE OF THEM AN ADVANTAGE TO WHICH HE IS NOT ENTITLED, OR OF DEFRAUD ... LIBERTY THESE ARE SPEEDY TRIAL VIOLATIONS OF WHICH NO CHARGES HAVE BEEN FILED IN ANY ... COURT AND NO DISTRICT OF COLUMBIA WERE ARREST, I SHALL BE RELEASED HABEAS CORPUS, ... NOT TO BE SUED THEN THE BAIL IS IN YOUR COURT. I AM UNLAWFULLY RESTAINED ... DISTRICT OF COLUMBIA. I WAS NEVER ARRESTED BY LEGAL AUTHORITY AND TAKEN TO ... COURT FOR THE DISTRICT OF COLUMBIA TO ANSWER A CRIMINAL CHARGE AT A DETENTION ... AND PRE-TRANSFER DETENTION BEFORE TRIAL § 23-1321, § 23-1322, NOR APPEAL § 23-1324 RELEASE ORDERED ... COPY DATE ... NO CIVIL REQUESTER DEMAND WAS MADE TO TRANSFER [ ]

SIGNATURE OF REQUESTER  M. B. Lawrence

**—RESPONSE**

RECEIVED MAY 13 2004 REGIONAL COUNSEL BUREAU OF PRISONS

| DATE |

REGIONAL DIRECTOR

...ied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar
... date of this response.

... RETURN TO INMATE                CASE NUMBER: _____

**RECEIPT**                          CASE NUMBER: ___ 33229-R1

Attachment A
PET-1330.13
July 31, 2000

# FEDERAL CORRECTIONAL INSTITUTION
## PETERSBURG, VIRGINIA
### ADMINISTRATIVE REMEDY ATTEMPT AT INFORMAL RESOLUTION

Program Statement 1330.13, Administrative Remedy Procedures for Inmates, requires an inmate, In most cases, to make an attempt at Informal resolution prior to filling a for administrative remedy. An inmate with a complaint should complete the first three sections below and submit the form to his correctional counselor.

1. _MARCUS B. LAWRENCE_                 _16144-016_                 _FCI Petersburg Med security_
   Name & Date _APRIL 8TH, 2004_        Reg. No.                    _A-SOUTH UNIT_
                                                                    Housing Unit

2. NATURE OF THE COMPLAINT (state briefly what the problem is and what you have done to resolve problem: _I AM Illegally Held BY WARden JOSEPH M. BROOKS, U.S. V. MAURO 436 U.S. 340 (U.S. S.Ct. 1978 U.S. V. Cogdill, 585 F. 2d 1130 (D.C. Cir. 1978) UNITED STATES V. Bailey 6 2 L. Ed. 2d 575 (1980, NO WRITE OF HABEAS CORPUS And PROSECUTION GIVING U.S. ATTORNEY THE POWER TO PROSECUTE ME EXIST. I AM Kidnapped And Held UNder PRETENSE BY WARden BROOKS. I WAS NEVER EXTRADITED, NOR CHARGED WITH A CHARGE OF EXTRADITION IN SUPERIOR COURT._

3. WHAT RESOLUTION DO YOU WANT?: _I DEMAND MY IMMEDIATE RELEASE FROM THIS Illegal SLAVE CONSPIRACY Racket And SLAVE PLANTATION OF WARden JOSEPH M. BROOKS AND THIS Illegal CONVICTION VACATED. ADMINISTRATIVE DISCHARGE Requested, 28 U.S.C. § 2241 HABEAS CORPUS § 16-1901 THROUGH § 16-1909 D.C. HABEAS CORPUS, U.S. CONST. ARTIClE I, Sec. 89, Cl. 2,_    **TO BE COMPLETED BY STAFF** _And All CONSTITUTIONAl RIGHT OF M. REVIEW AND_

### THERE IS NO PROBLEM WHICH CANNOT BE INFORMALLY RESOLVED

4. EFFORTS MADE BY STAFF TO RESOLVE PROBLEM (Include discussion of policy or problem with Inmate, contact with staff, etc.) _According to the records office, it has been verified by court order that you pled guilty to distribution of cocaine, case # 91-0034, For this, you receive A total of three hundred months for this charge._

5. COUNSELOR'S COMMENTS (Was problem Informally resolved, If not why?): _No, Inmate Lawrence wants to be released from FCI - Petersburg immediately._

                        _J. Boteville 4-13-04_  (CC)
                        Correctional Counselor/Date

UNIT MANAGER REVIEW (If problem not Informally resolved by counselor, did you discuss problem with Inmate in effort to resolve): _____✓_____ YES        _____NO

IF ANSWER YES (Was problem resolved?): _____ YES        ___✓___ NO

                        _W. Houl    4/13/04_
                        Unit Manager/Date