IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF COLUMBIA

MARCUS B. LAWRENCE,            :     CASE NO: 1:06/CV01387
    Petitioner,            :
                           :
                           :
V.                             :     AFFIDAVIT IN SUPPORT OF
                           :     PETITION FOR WRIT OF
PATRICIA R. STANSBERRY,        :     HABEAS CORPUS

## PETITIONERS RIGHTS AS TO FILING JURISDICTIONAL CLAIMS

1. Petitioner is entitled to have his claims taken as true until proved otherwise or until disproved by affidavit or evidence.

2. Petitioner is entitled to discovery related to his Jurisdictional claims.

3. Petitioner is entitled to have his Petition treated as presented by Supreme Court precedent.

4. Petitioner is entitled to have rulings and findings of fact and law made on all of his claims.

5. Petitioner is entitled to have judicial notice taken on the facts and law of Public Law 80-772 and to have a directed verdict declaring those Statues unconstitutional.

6. Petitioner is entitled to a fair tribunal and an unbiased court, and his constitutional rights to have this Court, once it learns of the invalidity of the statutes in question, to follow the Constitution of the United States, and to make rulings that follow the law, no matter how costly and incovenient to the government.

7. Petitioner presents his petition in affidavit form, support of which must be taken as true.

RECEIVED
OCT 1 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

-1-

see Kohleberg B. Lehlback, 160 U.S. 293, 16 S.Ct. 304, 40 L.Ed. 432 (1895) (facts duly alleged are deemed true unless denied or controverted by evidence): 3 Am Jur 2d, affidavits, §20 ("The Courts must accept an affidavit as true if it is uncontradicted by a counter-affidavit or evidence.")

Where issues arises as to jurisdiction or venue, discovery under the federal Rules of civil procedure ( Rules 26-27) is available to ascertain the facts bearing on such issues. **Oppenheimer fund, Inc, v. Sanders**, 437 U.S. 340, 350-351, 57 L.3d 253, 98 S.Ct. 2380 (1978).

**Castro v. United States**, 540 U.S. 375 (2003)

F.R.Civ.P.. 52(a) and F.R.Civ.P. 54(b)

F.R.E. 201.

Constitution of the United States; Separation of Powers Doctrine.

## NO WAIVER OF CLAIMS EXITS

A Petitioner's claims that are jurisdictional in nature can be raised at any time. No prodecural hurdle exists if a court has no jurisdiction over Petitioner. Lack of Article III Jurisdiction cannot be waived and cannot be conferred upon a Federal District Court by consent, by action, or by stipulation. **California v. larue**, 400 U.S. 109, 112, 34 L.Ed. 342, 93 S.Ct. 390 (1972). The validity of an arder on sentencing of a Federal District Court depends upon that court having jurisdiction over both the subject matters and the defendant. **Stoll v. Gottlieb**, 305 U.S. 171-172, 83 L.Ed. 104, 59 S.Ct. 134 (1938). Any plea agreement could not have been knowing and voluntary if the court never had jurisdiction over Petitioner. Further, a Petitioner's counsel has Sixth Amendment to obligation to investigate the facts and law related to the Court's jurisdiction, and since jurisdiction is a threshold matter,

the failure of counsel to investigate the facts and law and to know the Court's Juisdiction renders him ineffective as a matter of law, i.e. a legal moran.

1.   Petitioner was at no time after arrest a fugitive.

2.   On or about 2/5/91, petitioner entered a plea of guilty to information, which alleged a violation of unlawful Distribution of 50 grams of more of so-called cocaine base, 21 U.S.C. §841 (a)(1) and (b)(1)(a)(iii), which is in itself none existent.

3.   On or about 2/5/91 Petitioner Marcus B. Lawrence's guilty plea was entered. On or about said date, docket sheet showed no filing of AD Prosequendum Motion. See supportive facts, <u>transcript of Plea, no AD Prosequendum issued.</u>

4.   On or about 12/11/90 Petitioner was arrested by D.E.A, charged on or about 2/5/91 by a member of the U.S. Attorney's Office, Assistant U.S. Attorney <u>Daniel J. Berstein</u> which resulted into an unauthorized transfer into federal court. <u>No Writ of habeas Corpus AD Prosequendum,</u> no <u>supervisory control of the superior Court</u> for the city of Washington, D.C.

5.   On or about 2/5/91 a bond hearing was held at some date of charge in federal court, initial appearance before the <u>Honorable John H. Pratt,</u> no warrant or Presidential warrant <u>Writ of Habeas Corpus AD Prosequendum</u> authorizing interjurisdictional transfer or pre-trial transfer for prosecution, trial or guilty plea in a federal court, violation of 18 U.S.C. §3161 (J)(4); Constitution Article 1, 9 and **U.S. v. Mauro,** 436 U.S. 340, 361-62 (1978) requirement for a writ before a prisoner may be removed or transfered is necessary when the IA): Does not apply, transfer for trial or appearance to another jurisdiction where detainer has been lodge.

-3-

6. On or about all dates in concern of this case where hearings was held before Judge Hohn H. Pratt without a <u>Presidential warrant or Habeas Corpus AD Prosequendum</u>, commanding custody of the Petitioner for Prosecution in a federal court, **U.S. v. Mauro**, 436 U.S. 340 (1978) guilty plea and all hearing was had without a warrant, <u>under **Mauro**, AD Prosequendum</u> is required.

7. Petitioner <u>Marcus B. Lawrence</u> shows that allowing for excludable time as defined by 18 U.S.C. §3161 (J) (4), §3162 since date of plea of guilty plea, still no <u>Writ of Habeas Corpus AD Prosequendum</u> or Presidential warrant has been effected by Prosecution commanding or demanding production of custody prosecution, any type of guilty plea, trial or any appearance in a federal court on charges against the United States.

8. Federal Court Judge is not appropriate judicial officer where <u>AD Prosequendum</u> is lacking within the meaning of 18 U.S.C. §3161(a), (J)(4) **Mauro**, 436 U.S. 340 (1978); **Barker** 407 U.S. 517 (1972): **Klopper**, 386 U.S. 213 (1967), thus violating Petitioner's <u>Fourth, Sixth,</u> and <u>Fourteenth Amendment Right</u> to speedy trial State and Federal, **Smith v. Hooey**, 393 U.S. 374 (1969).

Respectfully Submitted,

*/s/ Marcus B. Lawrence*
MARCUS B. LAWRENCE
Petitioner
Reg. No. 16144-016

-4-

## Certificate of service

I, Marcus B. Lawrence, Petitioner, Proceeding in Pro-se, certifies under oath and the penalty of perjury that the said motion is true and correct to the best of my knowledge and that I also placed into the mail box here at Petersburg low, P.o Box 1000. Petersburg, VA 23804. Some motion to all parties of concern on this said Date _October 11_ 2007.

 

Marcus B. Lawrence
Reg. no: 16144-016