**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **UNITED STATES OF AMERICA,** |
| **v.** |
| **MARCUS B. LAWRENCE,** |
| **Defendant.** |
| _____ |
| **MARCUS B. LAWRENCE,** |
| **Plaintiff,** |
| **v.** |
| **VANESSA P. ADAMS,** |
| **Defendant.** |

Criminal No. 91-0029 (TFH/AK)
Civil No. 06-1387 (TFH/AK)

**REPORT AND RECOMMENDATION**[1]

      This matter was referred to the undersigned for a Report and Recommendation on Marcus

Lawrence's Petition for a Writ of Habeas Corpus By a Person in Custody in the District of

Columbia ("Petition") (civil docket [1]).  Accompanying the Petition is a Memorandum of

Supporting Facts and Arguments , characterized as a "Motion to Dismiss Information" pursuant

to 18 U.S.C. §§3161(J)(4) and 3162, known as the Speedy Trial Act of 1974.  The undersigned

recommends that the Petition should be treated as having been filed pursuant to 28 U.S.C. §2255,

because Petitioner Marcus B. Lawrence (hereinafter referred to as "Petitioner" or "Lawrence")

---

[1] The instant civil case was referred to the undersigned Magistrate Judge by the Honorable Thomas F. Hogan, Chief Judge.  (December 10, 2007 Order [8].)  Because it is unclear whether a Magistrate Judge has jurisdiction to directly rule on a § 2255 petition, the undersigned has prepared a Report and Recommendation.  The criminal case referenced herein is interrelated with this civil case.

challenges his sentence, in the court where it was imposed, based on grounds that such sentence

violated his rights under the Speedy Trial Act, and Petitioner alleges that his sentence should be

vacated or set aside.[2]  Having considered the submission by Petitioner Marcus Lawrence, the

undersigned recommends that it is not necessary for the Government to respond to the Petition

because the trial court lacks jurisdiction to consider the §2255 Petition.  The undersigned further

recommends that the Petition should be transferred to the United States Court of Appeals for the

District of Columbia Circuit.

### I. FACTUAL AND PROCEDURAL HISTORY

On February 5, 1991, Lawrence pled guilty to an Information charging him with

Unlawful Distribution of 50 Grams or More of Cocaine Base, a violation of 21 U.S.C.

§§ 841(a)(1) and (b)(1)(A)(iii), and on August 23, 1991, he was sentenced by the Honorable John

H. Pratt to 300 months of incarceration to be followed by five years of supervised release.  On

January 3, 1995, Lawrence filed a motion, pursuant to 28 U.S.C. §2255, to vacate, set aside or

correct his sentence.  (Motion docketed as April 7, 1995 Motion [2].)  Lawrence's Motion

alleged that "he received ineffective assistance from his trial counsel, the courtroom was

improperly sealed during his sentencing, and that the sentencing court lacked jurisdiction."

(April 7, 1995 Memorandum Opinion and Order [1] at 1.)  Lawrence also argued that there was

an alleged disparity between the mandatory sentences relating to crack versus cocaine.  ([2] at 14-

---

[2]Section 2255 provides:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attach, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

15.)   The Government filed its response to Lawrence's motion on June 22, 1995. (June 22, 1995

Response by United States [7].)  On December 4, 1995, the Honorable John G. Penn, who

assumed this case after Judge Pratt's death, filed a Memorandum Order denying Lawrence's

claims.  (December 4, 1995 Memorandum Order [14 ].)  Such denial was affirmed by the Court

of Appeals in *United States v. Lawrence*, 111 F. 3d 963 (Table), 1997 WL 196364 (Judgment)

(June 16, 1997 Certified Copy of Judgment [26].)

On July 3, 1997, Lawrence filed a Motion Pursuant to Rule 60(1)(2)(3) to Correct or

Vacate Sentence Pursuant to Writ of Error Coram Nobis (Motion [27].)  Lawrence's Motion [27]

was contested by the Government and later denied by the Court by means of a Memorandum and

Order dated October 24, 1997 (Memorandum [30], Order [31].)  The Court treated Lawrence's

Motion as "one filed pursuant to 28 U.S.C. §2255" because Lawrence had "challenge[d] his

sentence based upon 'newly discovery evidence'"  (Memorandum [30] at 1.)  Lawrence further

claimed "ineffective assistance of counsel" and violation of his due process. (*Id.*)   Lawrence

appealed from the October 24, 1997 Order but the Court of Appeals affirmed the District Court's

Order, finding that "the district court did not have jurisdiction to entertain Lawrence's motion to

vacate or correct his sentence because Lawrence never obtained certification from this court to

file a successive §2255 motion." (Certified Copy of April 15, 1998 Judgment [36], referencing

28 U.S.C. §§2244(b)(3)(A), 2255.)[3]  "Before a second or successive application permitted by this

---

[3]This docket entry on the criminal docket is followed by entry [39] reflecting a Certified
Copy of August 17, 1999 Judgment, whereby the Court of Appeals denied Defendant's motion
for leave to file [not docketed in the Court record], finding that "movant is not entitled to file a
second or successive motion because the claims he seeks to raise are based neither on newly
discovered evidence suggesting movant's innocence nor on a new rule of constitutional law made
retroactive to cases on collateral review." ([39] (citations omitted.)

section is filed in the district court, the applicant shall move in the appropriate court of appeals

for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A).

On December 3, 1999, Lawrence filed a motion for modification of his imposed term of

imprisonment pursuant to 18 U.S.C. §3582(c)(1)(2). (Motion docketed at [37].)  On December

20, 2000, the Court of Appeals denied Lawrence's petition for writ of mandamus, finding that

"the district court did not clearly err in construing petitioner's pleading filed December 3, 1999,

as a motion pursuant to 28 U.S.C. §2255 rather than 18 U.S.C. §3582(c) . . . ."  (Certified Copy

of Order dated December 20, 2000 [40].)  On March 21, 2001, the District Court entered an

Order denying Lawrence's December 3, 1999 motion based on lack of jurisdiction "since this is

the defendant's second or successive motion [pursuant to Section 2255] and thus the defendant is

required to obtain certification from the Court of Appeals [and] [h]e has not done so."  (January

21, 2000 Order [no docket number assigned] at 1.)[4]

On November 20, 2001, the Court of Appeals granted Lawrence's motion to proceed *in

forma pauperis* but ordered that Lawrence's petition for writ of habeas corpus be dismissed.  The

Court of Appeals found that :

> [t]his court lacks jurisdiction to entertain an original petition for habeas corpus. See 28
> U.S.C. §2255.  This is petitioner's fifth request for habeas relief filed in this court, and
> the claims are substantially the same as though presented in the application for leave to
> file a third §2255 motion, No. 99-3310, which was denied by order filed August 17, 1999.

(November 20, 2001 Order [43].)

On July 17, 2003, Lawrence made a Motion to Vacate Conviction and Sentence Due to

---

[4]The Court denied Lawrence's motion to proceed *in forma pauperis*. On June 28, 2001,
the Court of Appeals denied Lawrence's motion for leave to file a second or successive motion
under 28 U.S.C. §2255, but granted his motion to proceed *in forma pauperis*. (Certified Copy of
June 28, 2001 Order [42].)

Jurisdictional Defects and Due Process, Federal Rule Criminal Procedure (16). (July 17, 2003 Motion [44].) On August 5, 2003, the Court denied Lawrence's Motion to Vacate Conviction and Sentence, based on the Court's assertion that it lacked jurisdiction to consider such Motion. (August 5, 2003 Memorandum [46] and Order [45].) Lawrence filed a motion requesting a rehearing of that ruling by the Court (August 27, 2003 Motion) and the Court denied that motion for rehearing by means of an Order dated September 11, 2003 (Order [48].)

On August 2, 2006, Petitioner Marcus Lawrence filed the instant Petition for a Writ of Habeas Corpus by a Person in Custody in the District of Columbia (docketed as [1] on docket for Civil Action No. 06-1387.).

## II. ANALYSIS

On his Petition for a Writ of Habeas Corpus challenging his sentence, Petitioner acknowledges that he has "previously filed [ ] petitions, applications, or motions with respect to this judgment" and the nature of several of those proceedings was described as "2255" [28 U.S.C. §2255]. Pursuant to 28 U.S.C. §2255, an individual who is incarcerated may "move the court which imposed [his] sentence to vacate, set aside or correct the sentence" on the grounds that it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The record of proceedings noted on the Lawrence's criminal case docket validates that he has filed numerous Section 2255 petitions, which have all been denied by the Court on substantive or procedural grounds. Petitioner's instant Petition constitutes a successive § 2255 proceeding. *See United States v. Akers*, ___F. Supp.2d ___, Cr. No. 97-0072-01 (TFH), 2007

WL 3275130, at *2 (D.D.C. Nov. 6, 2007) (considering defendant's § 2255 petition successive

when defendant had filed a prior § 2255 petition that was unsuccessful).

A District Court is without jurisdiction to entertain a petitioner's "second or successive"

petition under § 2255 unless the appropriate court of appeals issues a certification authorizing the

filing of such motion. *United States v. Akers*, 2007 WL 3275130, at *1; *Moore v. Depratment of*

*Justice*, 1998 WL 545421, at *1 (D.C. Cir. July 17, 1998) (The district court did not have

jurisdiction to entertain [a] successive 2254 petition." prior to the petitioner obtaining

certification from the court of appeals.) *See also* 28 U.S.C. § 2244(b)(3)(A) (*supra.*) If a District

Court lacks jurisdiction because a § 2255 petition is deemed successive, the Court may, pursuant

to 28 U.S.C. § 1631, transfer the action to the Court of Appeals so that the appropriate

certification may issue.[5] *Akers*, 2007 WL 3275130, at *2.

Because the Court of Appeals has not issued an order under § 2244 authorizing

Defendant to file the instant Petition, the District Court in this case is without jurisdiction to

entertain it. Accordingly, the undersigned recommends that the District Court dismiss

Lawrence's Petition on grounds that it lacks jurisdiction to consider the Petition and, pursuant to

28 U.S.C. § 1631, transfer Lawrence's action to the Court of Appeals for authorization under

28 U.S.C. § 2244.

---

[5] 28 U.S.C. §1631 states that:
[w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred . . . .

### III. REVIEW BY THE DISTRICT COURT

The parties are hereby advised that under the provisions of Local Rule 72.3 (b) of the United States District Court for the District of Columbia, any party who objects to the Report and Recommendation must file a written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the report and/or recommendation to which objection is made, and the basis for such objections.  The parties are further advised that failure to file timely objections to the findings and recommendations set forth in this report may waive their right of appeal from an order of the District Court that adopts such findings and recommendation.  See *Thomas v. Arn*, 474 U.S. 140 (1985).  If this Report and Recommendation is served on the parties by mail, calculation of the time period for filing written objections is as follows: 10 business days (excluding weekends and holidays) plus three calendar days (including weekends and holidays). *See CNPq-Conselho Nacional De Desenvolvimento Cientifico E Technologico v. Inter-Trade, Inc.*, 50 F.3d 56, 58 (D.C. Cir. 1995) (per curiam).


Dated: January 2, 2008                                             _____/s/_____
                                                                  ALAN KAY
                                                                  UNITED STATES MAGISTRATE JUDGE